GEORGE C. CONNOR, JR. v. DONALD WILLIAM CONRAD.

(Filed 14 December, 1966.)

APPEAL by defendant from *Crissman, J.,* 13 June 1966 Regular Civil Session of GUILFORD, High Point Division.

This action was begun in the municipal court of the city of High Point, North Carolina, small claims division. The summons issuing from the municipal court of the city of High Point stated in substance that defendant was summoned to appear at a certain date before the judge of the municipal court of the city of High Point to answer the complaint of George C. Connor, Jr., for the nonpayment of the sum of $1,724.50, and it is further stated in the summons that a brief statement of said cause of action is as follows: "By specific and express contract with defendant, the plaintiff provided architectural services for defendant, and after due demand the defendant has wilfully refused to make payment of same." Defendant filed an answer in which he denied that any specific, express or other contract was made between him and plaintiff and that he owes the plaintiff nothing, and that any services rendered to defendant of any value, which he denies, were not rendered by plaintiff. By further answer and defense defendant alleged in substance: He requested Eccles Everhart to draw some plans and specifications for a house to cost no more than $40,000, which Everhart agreed to do. Subsequent thereto Everhart died. The plans and specifications for a house delivered to defendant by the plaintiff, or any associate of his, were such that no house could be completed for $40,000, and the plans and specifications furnished him were of no use to him. Consequently, defendant has not received what he bargained for and what he contracted for with Everhart, and these facts were known and should have been known to the plaintiff.

The judge of the municipal court entered judgment in which he recites that after considering the pleadings and hearing the evidence

and argument of both sides, the following issue was answered by the court:

"(1) In what amount, if any, is the defendant indebted to the plaintiff?
"ANSWER:   $750.00."

Whereupon, he entered judgment upon the verdict. [1955 Session Laws of North Carolina, Ch. 1092, is entitled, "An act to amend Chapter 569 of the Public-Local Laws of 1913, and all acts amendatory thereto relating to the municipal court of the city of High Point." Section 1 of this act provides rules and regulations for the trial of civil cases in the municipal court of the city of High Point wherein, *inter alia*, the sum demanded, exclusive of interest, does not exceed $2,000. Section 4(b) of this act states in substance that every summons issued by the court shall state briefly the nature of the cause of action in which the same is issued and the amount sought to be recovered. Section 6(a) of this act provides in substance that the judge of said court shall hear and determine all such civil actions instituted in said court, or removed to said court, and there shall be no trial by jury in said court of said civil actions set forth in Section 1 thereof. Section 8 of this act provides in substance: From any judgment rendered in said court in any such civil action, any party may appeal to the Superior Court of Guilford County, High Point Division, where the trial shall be *de novo*.] In open court plaintiff and defendant appealed to the Superior Court of Guilford County, High Point Division.

Upon appeal to the Superior Court, this case was tried *de novo* before a jury. The following issues were submitted to the jury and answered as indicated:

"1.   Did the plaintiff and defendant enter into a contract for the preparation of house plans as alleged by the plaintiff?
"ANSWER:   Yes.
"2.   If so, in what amount is defendant indebted to the plaintiff?
"ANSWER:   $1,724.50."

From a judgment upon the verdict, defendant appeals.

*J. W. Clontz for defendant appellant.*
*Bencini & Wyatt by Frank B. Wyatt for plaintiff appellee.*

PER CURIAM.   Plaintiff and defendant introduced evidence. Defendant assigns as error the denial of his motion for judgment of compulsory nonsuit entered at the close of all the evidence. A study

of the evidence in the record before us shows that plaintiff's evidence, considered in the light most favorable to him, and giving him the benefit of every legitimate inference to be drawn therefrom, is sufficient to carry the case to the jury. The court correctly denied the motion for judgment of compulsory nonsuit.

The jury, under application of settled principles of law, resolved the issues of fact against the defendant. While the appellant's brief presents contentions involving fine distinctions and close differentiations, a careful examination of all of his assignments of error discloses no question or feature requiring extended discussion. Neither reversible nor prejudicial error has been made to appear. The verdict and judgment below will be upheld.

No error.